# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                       CRIMINAL ACTION NO. 5:16-cr-00019-02

MARK RADCLIFFE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Motion to Dismiss Count Two of the Second Superseding Indictment* (Document 142), the *Memorandum of Law in Support of Motion to Dismiss Count Two of the Second Superseding Indictment* (Document 143), and the *Response of the United States of America to Defendant's Motion to Dismiss Count Two of the Second Superseding Indictment* (Document 144). Pursuant to an *Order of Reference* (Document 39) entered on April 29, 2016, the motion was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for proposed findings of fact and recommendation for disposition. On September 27, 2016, Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 146). The Court has reviewed the *Defendant's Objections to Proposed Findings and Recommendation from United States Magistrate Judge to Defendant's Motion to Dismiss Count Two of the Second Superseding Indictment* (Document 147). For the reasons stated herein, the Court finds that the Defendant's objections should be overruled and the Magistrate Judge's PF&R adopted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case began when Seth Radcliffe, the son of Defendant Mark Radcliffe, was indicted on charges of kidnapping and brandishing a firearm during a crime of violence on January 26, 2016. On April 28, 2016, the United States obtained a superseding indictment, which added a third count alleging that Seth Radcliffe and Mark Radcliffe, together with Jimmie Harper, Jr., who was charged separately, conspired to tamper with a witness to influence her testimony.[1] On August 9, 2016, less than a week before the August 15, 2016 trial date, the United States obtained a *Second Superseding Indictment* (Document 125) against Mark Radcliffe.

In the second superseding indictment, Mark Radcliffe is charged in Count One with conspiring with Jimmie Harper, Jr., and others to "use intimidation, threats, and to corruptly persuade another person ("M.S.") [the alleged kidnapping victim], and to engage in misleading conduct toward M.S., with the intent to influence, delay, and prevent the testimony of M.S. in an official proceeding," in violation of 18 U.S.C. § 1512(k). (Second Superseding Indictment, at 1-2.) It is alleged that the conspiracy took place between approximately December 23, 2015 and January 26, 2016. In Count Two, Mark Radcliffe is charged with aiding and abetting Jimmie Harper, Jr., "to endeavor to corruptly influence, obstruct and impede the due administration of justice in the January 2016 Federal Grand Jury in the Southern District of West Virginia, by attempting to influence, obstruct, and impede a kidnapping investigation" in violation of 18 U.S.C. §§ 1503 and 2. (*Id*. at 3.) It is alleged that the obstruction of justice occurred between approximately January 24, 2016 and January 26, 2016.

---

[1] Seth Radcliffe passed away on May 18, 2016, and the United States dismissed the superseding indictment filed against him.

2

The Defendant's motion to dismiss was filed on September 20, 2016. The United States responded on September 22, 2016, and the Magistrate Judge issued his PF&R recommending that the motion be denied on September 27, 2016. The Defendant filed objections on September 28, 2016. Trial is scheduled to begin on October 17, 2016.

## APPLICABLE LAW

"[T]o survive a motion to dismiss sought pursuant to Rule 12 [of the Federal Rules of Criminal Procedure], an indictment must allege facts that, if proven true, would sustain a violation of the offense charged." *United States v. Hasan*, 747 F.Supp2d 599, 602 (E.D. Va. 2010). "An indictment is sufficient if it: 1) alleges the essential elements of the offense charged and provides the defendant with notice of the crime with which he is charged; and 2) enables the defendant to plead double jeopardy in any future prosecution for the same offense." *United States v. Lang*, 766 F.Supp. 389, 395 (D.Md. 1991). "A 12(b) motion is permissible only when it involves a question of law rather than fact." *United States v. Shabbir*, 64 F.Supp.2d 479, 481 (D.Md. 1999) (citation omitted). A Court cannot grant the motion to dismiss under Rule 12 if a Defendant's "legal contentions are inextricably bound up with the facts of the case." *Id.*

The Defendant's motion to dismiss was referred to Magistrate Judge Aboulhosn pursuant to 28 U.S.C. § 636(b)(1)(B), for submission of proposed findings and recommendation. The Court is required to "make a de novo determination of those portions of report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## DISCUSSION

The Defendant seeks dismissal of Count Two of the second superseding indictment on the grounds that the two counts are multiplicitous. He notes that other circuits have held that defendants may not be charged with both witness tampering and obstruction of justice for the same conduct, and the Fourth Circuit has suggested that defendants may not be *punished* under both statutes. The United States admits that much of the evidence it intends to present for the two charges overlaps, but argues that the witness tampering statute, § 1512(k), "is aimed at the tampering of a witness," while the obstruction statute, § 1503, "is aimed at the protection of the judicial process." (United States' Resp. at 2–3.) It argues that the elements of the offenses are different and require the United States to prove separate sets of facts.

The Magistrate Judge recommends denying the Defendant's motion to dismiss. He cites *United States v. Kenny,* 973 F.2d 339 (4th Cir. 1992), wherein the Fourth Circuit "declined to follow the holdings in other Circuits where a defendant could not be prosecuted under both statutes." (PF&R at 3.) However, the Magistrate Judge noted that *Kenny* might preclude the Defendant from being sentenced as to both offenses, should he be convicted of both counts. (*Id.* at 4.) The Defendant objects, arguing that being forced to defend both counts when he could be punished for only one is extremely prejudicial. He urges the Court to rule prior to trial, as his "Double Jeopardy rights would already have been violated" if he is tried on both counts. (Obj. at 3.)

The Fourth Circuit has explained that "[m]ultiplicity…is the charging of a single offense in several counts." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal quotation marks and citation omitted). It went on to state: "The signal danger in multiplicitous indictments

is that the defendant may be given multiple sentences for the same offense; hence reversal is warranted if the defendant actually was convicted on multiplicitous counts and subjected to multiple punishments."[2] *Id*. To determine whether charges are multiplicitous, courts "look to whether each charged offense requires proof of some fact that the other does not require." *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005).

18 U.S.C. § 1512(b)(1) provides for a maximum twenty-year term of imprisonment for "[w]hoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to influence, delay, or prevent the testimony of any person in an official proceeding." 18 U.S.C. § 1503 provides potential penalties for:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate judge or other committing magistrate, in the discharge of his duty, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate judge, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice.

---

2 Other circuits appear to place a greater emphasis on the potential prejudice to a defendant resulting from being charged with and tried on multiple counts, including the risk that a jury would perceive a defendant facing multiple charges in a more negative light. *See*, *United States v. Lewis*, No. 7:14-CR-88-FL-3, 2015 WL 1526627, at *2 (E.D.N.C. Apr. 3, 2015) (contrasting the Fourth Circuit's approach with that of the Seventh Circuit in *United States v. Marquardt*, 786 F.2d 771, 778 (7th Cir. 1986), the Sixth Circuit in *United States v. Gullett,* 713 F.2d 1203, 1211–12 (6th Cir.1983), and the Third Circuit in *United States v. Carter,* 576 F.2d 1061, 1064 (3d Cir.1978)).

The Fourth Circuit addressed the history and interplay between the two provisions in *United States v. Kenny*. 973 F.2d 339 (4th Cir. 1992). It noted that Congress enacted § 1512 in 1982 to specifically address witness intimidation, and removed reference to witnesses in § 1503. However, the court further noted that § 1503 retained the general clause barring acts "that obstruct, or impede, the due administration of justice." *Id.* at 342. Thus, the court concluded that "[t]he existence of a more narrowly tailored statute does not necessarily prevent prosecution under a broader statute, so long as the defendant is not punished under both statutes for the same conduct." *Id.* In *Kenny*, the defendant was charged under both provisions, but convicted only of violating § 1503. The Fourth Circuit did not directly address whether the two charges, arising from the same conduct, were multiplicitous.

Here, the second superseding indictment alleges that Mark Radcliffe participated in a conspiracy to violate § 1512(b)(1) between December 23, 2015 and January 26, 2016, and aided and abetted the violation of § 1503 from January 24, 2016 to January 26, 2016. Although the parties indicate that much of the same evidence underlies both counts, it is not clear at this stage that charges involve precisely the same conduct. Given the mixed question of fact and law, dismissal is not warranted. Further, as the Magistrate Judge found, Fourth Circuit case law suggests that the appropriate course is to permit both charges to proceed at this stage, and determine whether multiple sentences may be imposed only if the United States obtains convictions on both counts.[3] Thus, the Court finds that the Defendant's objections to the PF&R should be overruled and his motion to dismiss should be denied.

---

[3] In this case, with only two possibly overlapping counts, the potential prejudice to the Defendant caused by proceeding on both counts is minimal.

**CONCLUSION**

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Objections to Proposed Findings and Recommendation from United States Magistrate Judge to Defendant's Motion to Dismiss Count Two of the Second Superseding Indictment* (Document 147) be **OVERRULED**, the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 146) be **ADOPTED**, and the Defendant's *Motion to Dismiss Count Two of the Second Superseding Indictment* (Document 142) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 17, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA