# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 5:16-cr-00019-02

MARK RADCLIFFE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Defendant, Mark Radcliffe, filed a *Motion for a New Trial* (Document 180), based in part on his assertion that newly discovered evidence revealed that the United States' key witness, Jimmie Harper, had given false testimony. The Court has reviewed all related briefing, and held a hearing on May 3, 2017, to permit witness testimony. The Court previously issued a *Memorandum Opinion and Order* (Document 221) finding that the Defendant was not entitled to a new trial on any other ground, but held the motion in abeyance with respect to Jimmie Harper's testimony. The Court incorporates herein the factual background contained in the *Memorandum Opinion and Order*. The Court now finds that the motion for a new trial should be denied in its entirety.

Jimmie Harper, Jr., was the United States' key witness at trial, and offered testimony that he and the Defendant conspired and collaborated to convince the victim of a kidnapping perpetrated by the Defendant's son to lie to investigators and to a grand jury to get the charges

dismissed. A jury convicted the Defendant of witness tampering.[1] The Defendant claims that Jimmie Harper's sister, Kimberly Morgan, informed him that Jimmie Harper had told her he intended to lie during his testimony. The Court permitted the Defendant to review recordings of Jimmie Harper's jail telephone calls. The Defendant stated, "[a]fter reviewing hundreds of hours of jail telephone calls, the exculpatory calls were not found." (Def.'s Resp. at 2, Document 215.) The Defendant indicated the conversations might have taken place during jail visits, but that Kimberly Morgan and her husband, Billy Morgan, declined to provide affidavits. The Defendant therefore requested that the Court hold "a hearing where these witnesses could be subpoenaed and required to testify under oath." (*Id.* at 3.)

The Court held a hearing on May 3, 2017. Kimberly Morgan[2] testified that she had spoken to Angela Radcliffe, the Defendant's wife, during a break in trial. She said she was hurt that Jimmie Harper admitted to lying to her about prior crimes he had committed and was surprised by how aggressive he was being in his testimony. Kimberly Morgan also testified that Jimmie Harper had talked to her about not wanting to testify, but was forced to do so by the United States due to the terms of his plea agreement. She testified that she told Jimmie Harper to "just tell the truth" when he asked her advice, and he said he would do so. Kimberly Morgan was adamant that she had never told anyone that Jimmie Harper had admitted to lying during trial. Billy Morgan offered similar testimony. He did not visit Jimmie Harper in jail, but did overhear some telephone conversations between Kimberly Morgan and Jimmie Harper. Billy Morgan suggested

---

1 The United States charged Defendant Mark Radcliffe with both conspiracy to tamper with a witness, in violation of 18 U.S.C. § 1512(k), and aiding and abetting the obstruction of justice, in violation of 18 U.S.C. § 1503, and the jury returned convictions on both counts. The Court subsequently dismissed the obstruction charge in Count Two as multiplicitous in violation of the Double Jeopardy Clause.

2 Kimberly Morgan is married to Billy Morgan, who is the brother of Defendant Mark Radcliffe's wife, Angela Radcliffe. She is also Jimmie Harper's sister, and Jimmie Harper was close friends with Seth Radcliffe, the son of Mark and Angela Radcliffe and the subject of the underlying kidnapping charge.

to Mark and Angela Radcliffe that they obtain Jimmie Harper's jail calls. However, he testified that this suggestion was based on Jimmie Harper's statements that he did not want to testify against Mark Radcliffe, but was being forced to testify. A meeting took place between the Radcliffes and the Morgans, during which they discussed Jimmie Harper's credibility and the truth of his trial testimony. Both Kimberly Morgan and Billy Morgan testified that they did not recall any statement that Jimmie Harper had admitted to lying at trial.

Angela Radcliffe testified that Kimberly Morgan discussed Jimmie Harper's trial testimony with her, and Kimberly Morgan had been surprised by how aggressive he was being. Angela Radcliffe further testified that Kimberly Morgan called her during trial and recounted a telephone conversation with Jimmie Harper, in which she asked him why he was being so aggressive, again advised him to tell the truth, and he responded that he couldn't or he would lose his plea deal.[3] Angela Radcliffe also indicated that the meeting between the Radcliffes and the Morgans was recorded on a cell phone that was in the possession of the Drug Enforcement Agency pursuant to a separate investigation.

The Fourth Circuit has established five factors for determining whether newly discovered evidence requires a new trial:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

---

3 Whatever the content of any conversation between Kimberly Morgan and Angela Radcliffe, review of Jimmie Harper's recorded jail telephone calls apparently did not reveal any such conversation.

*United States v. Wilson*, 624 F.3d 640, 663 (4th Cir. 2010). To the extent new evidence involves new or altered testimony, the district court generally must make a credibility determination to evaluate the likelihood that a jury "would reach a different result upon hearing the new evidence." *Id.* Further, new evidence going only to the credibility of a witness does not generally warrant the granting of a new trial. *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993), *as amended* (Apr. 30, 1993), *aff'd*, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994). "Newly discovered evidence, however, may go so directly to the interest of the prosecution witness that, if his testimony was essential to the prosecution, a new trial should be awarded in which the interest of the witness may be shown." *United States v. McCoy*, 478 F.2d 846, 847 (4th Cir. 1973). When a witness recants trial testimony, a motion for a new trial

> should be granted only if the court is 'reasonably well satisfied' that (1) the testimony given by a material witness was false; (2) the jury *might* have reached a different conclusion without the false evidence; and (3) the party seeking the new trial was surprised by the false testimony and was unable to meet it or did not know of its falsity until after trial.

*United States v. Wilson*, 624 F.3d 640, 663–64 (4th Cir. 2010).

As stated on the record during the hearing, the Court finds that the Defendant is not entitled to a new trial. Based on the testimony offered during the hearing, the Court finds there is no new, relevant and admissible evidence. Angela Radcliffe's recollection of something Kimberly Morgan told her Jimmie Harper said would be inadmissible as hearsay, and certainly would not be likely to produce an acquittal. Neither Kimberly Morgan nor Billy Morgan testified to any conversation in which Jimmie Harper indicated he would offer untruthful testimony or in which he admitted he had done so. Credible testimony or a recorded call demonstrating that Jimmie Harper had lied during trial could potentially have met the factors relevant to a new trial. Jimmie

4

Harper's testimony was integral to the United States' case, and evidence that he lied during trial would have been of greater weight than impeachment evidence as to his general credibility. No such evidence appears to exist, however. Jimmie Harper was subject to extensive cross-examination regarding his credibility. He admitted at trial to being untruthful in the past and engaging in fraudulent behavior, and he admitted that he hoped to receive a sentence reduction as a result of his testimony. The jury apparently found his testimony, in combination with potentially corroborating phone records and recorded conversations, to be credible. No new admissible evidence likely to alter that finding has been proffered. Thus, after thorough review and careful consideration, the Court **ORDERS** that the *Motion for a New Trial* (Document 180) on the basis of Jimmie Harper's testimony be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: May 5, 2017

_Irene C. Berger_
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA