UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        CRIMINAL ACTION NO. 5:16-cr-00019-02

MARK T. RADCLIFFE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Mark Radcliffe's Motion for Compassionate Release [Doc. 322], in which Mr. Radcliffe alleges that he has exhausted his administrative remedies and requests a modification of his sentence based on his history of double pneumonia, his family medical history, and other health factors. He further requests relief based on his alleged heightened need for communication with counsel regarding pending matters.

I.

On April 19, 2016, Mark Radcliffe was convicted in a superseding indictment of one count of witness tampering in violation of 18 U.S.C. § 1512(k). While awaiting sentencing, Mr. Radcliffe violated his bond by possessing firearms and ammunition. [Doc. 213 at 3–4]. Mr. Radcliffe is currently serving a sixty-month sentence, and his release date is set for June 15, 2021. In addition to the above captioned matter, Mr. Radcliffe was indicted by a federal grand jury for drug-trafficking and firearm related matters with a federal detainer in place. *See United*

*States v. Blume et al.*, Criminal Action No. 5:18-00026-02 (pending federal criminal case against Mr. Radcliffe), [Doc. 322 at 6 (letter from Warden referencing detainer)].

On January 27, 2021, Mr. Radcliffe filed a Motion for Compassionate Release to Home Confinement Under 18 U.S.C. § 3582(c)(1)(A). [Doc. 322]. He seeks release for "extraordinary and compelling reasons" citing alleged prosecutorial misconduct, heightened need for access to counsel, and a heightened risk for COVID-19 due to age, family history, and a personal medical history. [*Id.* at 2]. Specifically, Mr. Radcliffe bases his motion on the following: (1) his belief that he "would not be facing the life threating medical danger of Corona Virus in a highly contagious prison environment if the Court had known about the prosecutor's criminal spoilation of Court-Ordered evidence"; (2) home confinement would allow him to meet with his legal counsel in regard to ongoing federal charges; and (3) his heightened medical risk due to his age, a family history of heart attacks, and personal medical history of double pneumonia. [*Id.* at 6–7]. On February 1, 2021, the Court directed the government to respond to Mr. Radcliffe's Motion for Compassionate release no later than February 8, 2021. [Doc. 324].

On February 8, 2021, the United States filed its response in opposition to Mr. Radcliffe's Motion for Compassionate Release.[1] [Doc. 325]. The United States responded that Mr. Radcliffe's arguments are not supported by the record and therefore should be rejected. [*Id.* at 1]. The United States also responds that the Bureau of Prisons has taken appropriate action regarding their COVID-19 Action Plan to protect the prison populations and staff at FCI Ashland. [*Id.* at 2–4]. The United States highlights the BOP's increased utilization of discretionary home confinement, and despite this increased use of home confinement, the BOP found that Mr.

---

1  The United States also filed a Motion to Seal [Doc. 326], requesting Exhibit 2 to their response be sealed inasmuch as it contains Mr. Radcliffe's private health information. For good cause shown, the Court **GRANTS** that motion.

Radcliffe did not meet the criteria for home confinement. [*Id.* at 6]. On January 12, 2021, the Warden specifically found that he was not eligible for home confinement because "he has a detainer filed with the United States Marshal's [sic] Service." [*Id.* at 8]. Further, the Warden believed that the first issue of Mr. Radcliffe's complaint needed to be addressed by the court. In reference to the second matter, Mr. Radcliffe could request additional law library time and assistance in scheduling a legal call. [*Id.*] The United States claims that Mr. Radcliffe has not exhausted all administrative remedies because he did not appeal the BOP's decision; however, it acknowledges that Mr. Radcliffe's motion "appears to be timely" due to the lapse of thirty days. [*Id.* at 8–9]. Finally, the United States contends that the 18 U.S.C. § 3553(a) factors do not warrant release. [*Id.* at 15].

On February 19, 2021, Mr. Radcliffe filed a reply to the United States' opposition of his motion for compassionate release to home detention. [Doc. 327]. Mr. Radcliffe claims that he has in fact exhausted all administrative remedies. [*Id.* at 2–3]. Mr. Radcliffe further contends the rate of COVID-19 should include all cases, not just active cases, and he further details his COVID-19 experience at Ashland FCI. [*Id.* at 4–7].

## II.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) and now allows an incarcerated person to move the court for compassionate release. Specifically, "[t]he First Step Act removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). The defendant must first exhaust the administrative process established by the Bureau of Prisons or

allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Our Court of Appeals determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286. As of the date of this order, the U.S. Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address motions filed by defendants. *See United States v. Vaughn*, Criminal Action No. 5:08-00266, 2021 WL 136172, at *2 (S.D. W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 282–83).

### III.

Upon careful consideration of 18 U.S.C. § 3582(c)(1)(A) and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Mr. Radcliffe has not shown that relief is warranted in this case. Mr. Radcliffe's primary assertion concerns COVID-19 at Ashland FCI where he is housed. Mr. Radcliffe seeks a modification of his sentence based on his health history and lack of accessibility to counsel given COVID-19 restrictions. As to his health history, Mr. Radcliffe reports a history of family medical issues and a personal medical history of double pneumonia. To the extent that his conditions may increase his vulnerability to health complications from COVID-19, the Court notes that the Bureau of Prisons ("BOP") has been operating under a modified operations plan to manage the risk of COVID-19 transmission within FCI Ashland. In

addition, the BOP has begun the process of administering COVID-19 vaccines, the rate of vaccinations across the prison populations is increasing, and prisons are regaining a normalcy in operations. *See* BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/index.jsp (last visited June 15, 2021). While FCI Ashland, where Mr. Radcliffe is incarcerated, has had some outbreaks throughout the pandemic, at this time, the facility is abiding by this plan, vaccinating prisoners, and the numbers are not of "extraordinary and compelling" concern. As of June 15, 2021, FCI Ashland reports zero inmates as testing positive for COVID-19 and one staff as positive for COVID-19, with 301 inmates and 71 staff having recovered. *Id*. Therefore, the Court finds Mr. Radcliffe's asserted medical conditions and history insufficient to establish extraordinary and compelling reasons warranting release.

Mr. Radcliffe also claims that he warrants home confinement because his need to access his attorney for his other pending federal charge. While the Court respects Mr. Radcliffe's preparation needs in his competing federal criminal matter, also pending before the undersigned, a release to home confinement on such ground is unwarranted. As note, the Warden instructed Mr. Radcliffe how to request extra law library time and schedule meetings with his lawyer. [Doc. 325 at 8]. His inconvenience does not give rise to the extraordinary and compelling reasons.

Finally, the applicable 18 U.S.C. § 3553(a) factors weigh strongly against Mr. Radcliffe's release. Mr. Radcliffe is scheduled to be released June 15, 2021, after he completes a 60-month term of imprisonment for witness tampering. At the time of sentencing, the Honorable Irene C. Berger said, "[defendant's] conduct evidences a clear disrespect for the law and of the criminal justice system." [Doc. 253 at 48]. Here, the undersigned agrees that Mr. Radcliffe's actions showed a clear disregard for the criminal justice system. This disregard was also evidenced by him knowingly violating his bond conditions. [Doc. 213 at 3–4]. Furthermore, this Court agrees

with the United States that Mr. Radcliffe "is clearly not a good candidate for bond or home confinement given the nature of his underlying conviction, his knowing violations of his bond, and the nature and severity of the charges he faces." [*Id*. at 16]. The nature and circumstances of the witness tampering offense -- which qualifies itself as an obstruction of justice -- along with the need for the sentence imposed to provide just punishment, afford adequate deterrence, and protect the public together with the applicable sentencing range all support his continued incarceration pursuant to the sentence originally imposed.

In sum, despite both a familial and personal medical history, the § 3553(a) factors strongly counsel against release.

## IV.

Based upon the foregoing reasons, the Court **DENIES** the Defendant's Motion for Compassionate Release [Doc 322].

The Clerk is directed to send a copy of this Order forthwith to the Defendant and counsel of record in this matter.

ENTER: June 15, 2021

Frank W. Volk
United States District Judge